**CV-10 3761**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE FAHME on behalf of himself and all others similarly situated | ) ) ) |
| Plaintiff, | ) ) ) |
| -against- | ) ) ) |
| INTEGRITY FINANCIAL PARTNERS, INC. | ) ) ) |
| Defendant. | ) ) |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 16 2010 ★
LONG ISLAND OFFICE

DEARIE, CH. J.

BLOOM, M.J.

### CLASS ACTION COMPLAINT

*Introduction*

1.  Plaintiff George Fahme seeks redress for the illegal practices of Integrity Financial Partners, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed for a consumer purpose.

4.  Defendant's principal place of business is located in Overland Park, Kansas.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect an alleged consumer debt from the plaintiff.

10. Defendant sent an initial collection letter on or about July 21, 2009.

11. On or after July 21, 2009 defendant left recorded messages for the plaintiff.

12. Said messages did not set forth that the communication was from a debt collector.

13. Said message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

## **AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

14. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

15. This action is brought on behalf of plaintiff and the members of a class.

16. The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

17. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (b) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages (and the lack of an initial written communication) are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of

the class.

20. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23. The actions of the defendant violate the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

4

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 15, 2010

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

P.O. Box 1997
Southgate, MI 48195-0997



**Integrity**
Financial Partners, Inc.

4370 W. 109th Street, Suite 100
Overland Park, KS 66211
Local Phone: 816-949-8512
Toll Free: 866-951-2350

IFPI/364399458/RESVAL   286005656009   480/0000425/0003

George Fahme
42 Oliver St
Brooklyn, NY 11209-6502

July 21, 2009

**Account Information**
Original Creditor: Saks
Current Creditor: LVNV Funding LLC
Client: Resurgent Capital Services
Account #: 364399458
IFP#: 1395576
Total Due: $1,674.28

Dear George Fahme:

Our client, Resurgent Capital Services, has retained this office to collect on your overdue account with Saks. This letter is an attempt to collect a debt, and any information will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored and recorded for quality assurance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York City Department of Consumer Affairs license number: 1299478

---

Hours of Operation: Mon through Thu: 8am to 8pm CT   Fri: 8am to 5pm CT   Saturday: 8am to 12pm CT

DETACH AND RETURN WITH PAYMENT

**Account Information**
Original Creditor: Saks
Current Creditor: LVNV Funding LLC
Client: Resurgent Capital Services
Account #: 364399458
IFP#: 1395576
Total Due: $1,674.28

Amount Due: $1,674.28
Amount Paid:
$ ☐☐☐☐☐.☐☐

George Fahme
42 Oliver St
Brooklyn, NY 11209-6502

Integrity Financial Partners, Inc.
P.O. Box 11530
Overland Park, KS 66207-4230

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

Sherman Acquisition Limited Partnership
Resurgent Capital Services L.P.
Sherman Acquisition L.L.C.
Sherman Acquisition TA LP
SFG REO, LLC

Sherman Acquisition II Limited Partnership
Anson Street LLC
LVNV Funding, LLC
Ascent Card Services, LLC
PYOD LLC

Resurgent Capital Services PR LLC
Ashley Funding Services LLC
Credit One Bank, N.A.
Ascent Card Services II LLC
Tradd Street LLC

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

## Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

011409